# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

HIAWATHA C. BRUNER, )
)
    Plaintiff, )
)
v. ) Case No. CIV-15-1253-M
)
ROBERT MCDONALD, Secretary, )
Department of Veterans Affairs, )
)
    Defendant. )

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed June 30, 2016. On July 29, 2016, plaintiff responded, and on August 2, 2016, defendant replied. Based on the parties' submissions, the Court makes its determination.

I.    Background[1]

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act"). Plaintiff was employed as a Records Management Officer/Program Manager from October 2008 until April 20, 2011, at the VA Medical Center ("VA") in Oklahoma City. Plaintiff alleges that between July 2010 and February 2011, he was told by his supervisor to remove boxes from the VA to the Federal Records Center in Neosho, Missouri and that, between 2008 and the present, he has suffered from a disabling back condition, which was known by his supervisors, that prevented him from lifting heavy weights.

Plaintiff also alleges that during this same period, plaintiff's wife, who is a black female and also employed at the VA, was a victim of discriminatory practices and was later removed.

---

[1] The alleged facts set forth are taken from plaintiff's Amended Complaint ("Complaint").

Plaintiff further alleges that his wife filed a discrimination case against defendant, a fact that was common knowledge in plaintiff's section. Plaintiff also alleges the following series of events occurred: (1) on October 19, 2007, police and security service granted him a temporary VA handicap parking pass versus a permanent pass; (2) in October 2008, Tricia Dear ("Dear"), Chief Medical Administration Service, and Tim Collins, Police and Security Service, reassigned plaintiff from the Support Services Section; (3) on February 16, 2010, the Information Management Committee denied his request for a laptop; (4) in May 2010, management accused plaintiff of not disposing of vital records properly; (5) in September 2010, management intentionally deleted all of plaintiff's Outlook messages and disabled his computer and telephone; (6) on March 21, 2011, Dear and Alan Love, from human resources, notified plaintiff that effective immediately he was being placed on administrative absence for 14 days and issued plaintiff a notice of proposed termination; (7) on April 20, 2011, plaintiff was removed from his position and separated from federal service; (8) on April 25, 2011, plaintiff contacted an EEO Manager; and (9) on July 26, 2011, plaintiff filed a formal EEO complaint alleging that the Agency created a hostile work environment for him because of his disability and because his wife was charging defendant with acts of unlawful discrimination.

Defendant Robert McDonald ("Secretary"), Secretary of the Department of Veteran Affairs, now moves this Court to dismiss this action, pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction[2], and 12(b)(6), for failure to state a claim upon which relief can be granted.

---

[2] The Secretary specifically contends that plaintiff's wrongful termination claim based on the Secretary's alleged violation of the Rehabilitation Act and Title VII are jurisdictionally barred since he did not fully exhaust his administrative remedies and these claims have been administratively adjudicated as such. Plaintiff concedes that his wrongful termination claims based on the Secretary's alleged violation of the Rehabilitation Act and Title VII are barred and

2

II.  Standard of Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted).  Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted).  "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true

---

advises the Court that he is only pursuing his claim for a hostile work environment against the Secretary. As such, the Court will only address the Secretary's assertion that plaintiff has failed to state a claim for hostile work environment in violation of the Rehabilitation Act and Title VII.

and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

The Secretary contends that plaintiff has failed to state a plausible claim for a hostile work environment under the Rehabilitation Act or Title VII. Plaintiff contends that his Complaint contains sufficient facts to state a claim for relief and gives the Secretary notice of the claims alleged against him. In order for plaintiff to establish a claim for a hostile work environment, plaintiff must show that his workplace was permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment. *See MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005).

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true, and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has failed to set forth sufficient facts establishing a hostile work environment claim. In his Complaint, plaintiff specifically alleges:

> Defendant violated the Rehabilitation Act of 1973 when it created a hostile work environment for Plaintiff because of his disabling back condition and proceeded to remove him from his position. Although Plaintiff was a qualified handicapped individual, Defendant treated him differently than non-handicapped individuals causing his to fail and lose his position with the agency.
>
> \*        \*        \*        \*
>
> Defendant violated Title VII when it persecuted Plaintiff because his wife was engaged in protected activity against Defendant.

Compl. ¶¶ 23 & 25. The Court finds that plaintiff has failed to connect any of his factual allegations pled in his Complaint to the causes of action he brings against defendant.

4

Specifically, the Court finds that plaintiff fails to demonstrate how the series of alleged events he experienced at the VA including, receiving a temporary handicapped parking pass over a permanent one, being reassigned, being denied a laptop, being accused of not disposing of vital records properly, management deleting of all of his emails and disabling his computer, and ultimately being terminated from federal service, was done with any type of discriminatory intimidation, ridicule, and insult so sufficiently severe or pervasive that the conditions of his employment were altered and an abusive working environment was created. Further, the Court finds plaintiff's Complaint is composed of, albeit barely, a formulaic recitation of the elements of a hostile work environment claim, and, therefore, prohibits the Court from drawing a reasonable inference that the Secretary created a hostile work environment. As such, the Court finds that plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

IV.   Conclusion

Accordingly, for the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Amended Complaint [docket no. 14] and DISMISSES this action.

**IT IS SO ORDERED this 10th day of November, 2016.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE